IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE DAVIS SMITH,

               Plaintiff,

v.

ROGER KRANTZ and JANE BRITT,

               Defendants.

OPINION and ORDER

19-cv-197-jdp

---

Pro se plaintiff Tyrone Davis Smith filed this lawsuit under 42 U.S.C. § 1983, contending that defendants Roger Krantz and Jane Britt, both nurses at Fox Lake Correctional Institution, failed to provide him prompt medical care for a hematoma and compartment syndrome in his leg. He has filed an amended complaint, Dkt. 8, that I will consider to be the operative pleading.

Smith requests leave to proceed without prepayment of the filing fee, but as he acknowledges in his complaint, he has "struck out" under 28 U.S.C. § 1915(g).[1] Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). But Smith's allegations concern defendants'

---

[1] Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. *See Smith v. City of Milwaukee*, 9-cv-603-AEG (E.D. Wis.) (dismissed Nov. 17, 2009); *Smith v. Milwaukee Secure Det. Facility*, 9-cv-432-JPS (E.D. Wis.) (dismissed Feb. 22, 2010); *Smith v. Milwaukee Secure Det. Facility*, No. 10-1386 (7th Cir.) (dismissed June 23, 2010).

failure to provide prompt medical care in the past, albeit the recent past. His allegations do not suggest that defendants are continuing to deny him care, that they are likely to deny him care in the imminent future, that he is being subjected to conditions that place him at risk of harm, or that he is otherwise facing imminent danger of serious physical injury. Because Smith has not alleged that he is in imminent danger of serious physical injury, he cannot proceed with this case without paying the full $400 filing fee. Therefore, I will dismiss this case without prejudice. If Smith submits the $400 fee by the deadline set below, I will reopen the case.

ALLEGATIONS OF FACT

Smith alleges the following facts in his amended complaint, which I accept as true for purposes of reviewing his complaint under 28 U.S.C. § 1915(g).

On February 25, 2019, at around 4:00 p.m., Smith asked a correctional officer to contact the health services unit about pain in his leg. The correctional officer called defendant Krantz, who was the on-duty nurse at the time. Krantz responded that Smith should submit a health service request because his condition "did not sound serious."

The next day, Smith went to the health services unit at approximately 4:30 p.m. for medication pass. Defendant Britt was distributing medications. Smith told Britt that his leg hurt, that he was having difficulty walking, and that his leg felt like it had been hit by a baseball, even though he had not been doing any physical activity. He showed Britt that his calf was swollen and had a hard "puff" on it. Britt told Smith to sit in the waiting area because she could not help him at that moment and needed to talk to Krantz about it. Smith waited for approximately 30 minutes, but then Smith had to return to his unit for the 5:30 p.m. count. Britt told a correctional officer to bring Smith back to the health services unit after the count.

2

Smith returned later by wheelchair. After he arrived in the health services unit, Krantz, Britt, and Dr. Charles Larson looked at Smith's leg and ordered that he be transported to Waupun Memorial Hospital.

At the hospital, Smith was diagnosed with having a hematoma and compartment syndrome on his leg, likely caused by the anti-coagulant medication, warfarin, that he has taken since he had an aortic valve replacement in June 2017. On February 27, 2019, Smith underwent a fasciotomy. He returned to the prison on March 4, but he was taken back to the hospital the next day because his leg was swollen and painful. An ultrasound showed a recurrent hematoma and compartment syndrome in the same area. Smith received another fasciotomy, which required a skin graft from his right thigh and a blood transfusion. The doctors told Smith that if the second fasciotomy was unsuccessful, he would most likely lose his right leg.

ANALYSIS

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). "Allegations of past harm do not suffice" to show imminent danger. *Ciarpaglini*, 352 F.3d at 330.

Smith contends that defendants Krantz and Britt acted negligently and with deliberate indifference to his serious medical condition when they failed to properly triage his complaints, failed to examine his leg, and failed to send him to the hospital sooner. But although Smith has alleged that he suffered serious physical injury, his allegations concern actions and harm that has occurred already. Smith alleges that he is still taking warfarin and could develop

3

compartment syndrome in the future, but he has not alleged that he has present medical needs that are being ignored, that he is being held in conditions that present a substantial risk of serious harm, or that there is any other reason to think that serious physical injury is "imminent." *See, e.g., Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("[A]n untreated wound, like an untreated acute illness, could pose an imminent danger of serious physical harm."). Although Smith might be worried that he will have emergency medical needs in the future, his fears alone are not enough to support a claim of imminent danger. *See Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) ("If fears about the future made for an 'imminent danger of serious physical injury,' the statute would not serve to curtail litigation by those who have demonstrated a propensity to make baseless or malicious claims."). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Heimermann*, 337 F.3d at 782 (citation omitted). In this instance, Smith is seeking damages for past harm and has not identified a genuine emergency, so he may not proceed without prepayment of the filing fee. I will dismiss this case without prejudice. If Smith pays the $400 filing fee, he may move to reopen the case.

I caution Smith that he should not move to reopen this case if he did not exhaust his available administrative remedies before filing suit. Smith filed documents with the court suggesting that he did not exhaust his administrative remedies before bringing this lawsuit as required by 42 U.S.C. § 1997(e). Dkt. 5-1 and Dkt. 5-2. If Smith did not exhaust his administrative remedies before filing suit, he should complete the exhaustion process and file a new case, along with the $400 filing fee, if he wants to proceed with his claims against Krantz and Britt.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Tyrone Davis Smith's motion for leave to amend his complaint, Dkt. 5, is GRANTED.

2. Plaintiff is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

3. This case is DISMISSED without prejudice, subject to being reopened if Smith submits the $400 filing fee by July 23, 2019.

Entered July 3, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge